**Ronald J. Clark**, OSB #880328
E-mail:  ron.clark@bullivant.com
**Bryana L. Blessinger**, OSB #084622
E-mail:  bryana.blessinger@bullivant.com
BULLIVANT HOUSER BAILEY PC
888 SW Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

**Steven J. Brodie**, Florida Bar #333069
E-mail:  sbrodie@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower, 100 SE 2nd Street, Suite 4200
Miami, Florida  33131-9101
Telephone: 305.530.0050
Facsimile: 305.530.0055

**Heidi Hudson Raschke**, Florida Bar #0061183
E-mail:  hraschke@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida  33607
Telephone: 813 223 7000
Facsimile: 813 229 4133

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ALLIED WORLD SURPLUS LINES INSURANCE COMPANY**, fka DARWIN SELECT INSURANCE COMPANY, and **ALLIED WORLD SPECIALTY INSURANCE COMPANY**, fka DARWIN NATIONAL ASSURANCE COMPANY,<br><br>                              Plaintiffs, | Civil No.:  3:17-cv-00519<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 1**

v.

**CAMBIA HEALTH SOLUTIONS**, dba
REGENCE BLUECROSS BLUESHIELD
OF OREGON, dba REGENCE
BLUESHIELD OF IDAHO, dba REGENCE
BLUECROSS BLUESHIELD OF UTAH,
dba REGENCE BLUESHIELD,

                          Defendant.

Plaintiffs Allied World Surplus Lines Insurance Company f/k/a Darwin Select

Insurance Company ("Darwin Select") and Allied World Specialty Insurance Company f/k/a

Darwin National Assurance Company ("Darwin National") (collectively "Allied World")

bring this action seeking declaratory relief against the Defendant Cambia Health Solutions

d/b/a Regence BlueCross BlueShield of Oregon d/b/a Regence BlueShield of Idaho d/b/a

Regence BlueCross BlueShield of Utah d/b/a Regence BlueShield (collectively "Cambia")

and allege:

## PARTIES, JURISDICTION AND VENUE

1.      This is a diversity action for declaratory relief pursuant to 28 U.S.C. § 2201 to

declare the rights and other legal relations of the parties regarding two insurance policies

issued by Darwin Select and Darwin National.

2.      Darwin Select is a corporation organized and existing under the laws of the

State of Arkansas with its principal place of business in the State of New York.

3.      Darwin National is a corporation organized and existing under the laws of the

State of Delaware with its principal place of business in the State of New York.

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 2**

4.    Cambia is a corporation organized and existing under the laws of the State of Oregon with its principal place of business in the State of Oregon.

5.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between Allied World and Cambia. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.    This Court has personal jurisdiction over Cambia, and venue is proper in this District under 28 U.S.C. § 1391.

7.    This action is brought pursuant to 28 U.S.C. § 2201, which provides that the Court may declare the rights and other legal relations of the parties.  Allied World and Cambia are both parties having an interest in the insurance policies referenced herein.

## BACKGROUND FACTS

**A.    The MDL Action**

8.    In 2012, several class action lawsuits were filed by providers and subscribers against multiple Blue Cross Blue Shield entities or member plans ("Blues") and the Blue Cross Blue Shield Association ("BCBSA"), alleging violations of federal antitrust laws.  The lawsuits allege generally that the Blues and the BCBSA conspired to leverage their economic power and market dominance to under-compensate healthcare providers for their services and to increase healthcare costs to subscribers by coordinating their operations and limiting their activities through restrictions in their trademark licenses.

9.    On December 12, 2012, the Judicial Panel on Multidistrict Litigation consolidated and transferred several such actions to the United States District Court for the Northern District of Alabama, thus creating the MDL litigation referred to as *In Re: Blue*

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 3**

*Cross Blue Shield Antitrust Litigation*, Master File No 2:13-cv-20000-RDP (the "MDL Action"). A copy of the December 12, 2012 MDL Transfer Order is attached hereto as Exhibit 1. In consolidating the providers' and the subscribers' actions, the MDL Panel found: "Here, the actions involve substantial common questions of fact relating to the state BCBS entities' relationship with the national association, BCBSA, and the licensing agreements that limit the Blue Plans' activity to exclusive service areas, among other restrictions." MDL Transfer Order, at 2.

10.    Pursuant to an Order issued by the MDL Court, two consolidated complaints were filed in the MDL Action on July 1, 2013, one for the "subscriber track" (the "Subscriber Complaint") and the other for the "provider track" (the "Provider Complaint"). A copy of the Subscriber Track Second Amended Consolidated Class Action Complaint is attached hereto as Exhibit 2; a copy of the Consolidated Third Amended Provider Complaint is attached hereto as Exhibit 3. Cambia Health Solutions, Inc., Regence BlueShield of Idaho, Inc., Regence BlueCross BlueShield of Oregon, Regence BlueCross BlueShield of Utah and Regence Blue Shield of Washington were named as defendants in the Provider Complaint. Cambia Health Solutions, Inc. d/b/a Regence Blue Shield of Idaho ("BS-ID"), Regence Blue Cross Blue Shield of Oregon ("BCBS-OR"), Regence Blue Cross Blue Shield of Utah ("BCBS-UT"), and Regence Blue Shield of Washington ("BS-WA") were named as defendants in the Subscriber Complaint.

11.    The Provider Complaint alleges that the Blues have been engaged for many years in an agreement not to compete against one another, but instead to cooperate and coordinate their activities on a nationwide basis in order to maximize their profits. The

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 4**

Complaint claims that the Blues agreed to cease competing and to impose operational uniformity on themselves decades ago by carving out exclusive service areas, setting up their national programs (including Blue Card), and establishing BCBSA's uniform rules and regulations.  The Blues allegedly formalized their cooperation agreement through the restrictions in their trademark licenses, such as the requirement of mandatory participation in the national programs.

12.    The alleged conspiracy has perpetuated and strengthened the dominant market position each Blue enjoys in its specifically defined geographic market which, in turn, has enabled the Blues to force healthcare providers to accept anticompetitive rates and terms. The Provider Complaint alleges that healthcare providers have been subjected to lower rates and less favorable terms that would have been the case in the absence of the conspiracy.

13.    The Provider Complaint seeks injunctive relief prohibiting the Blues, including Cambia, from entering into, honoring, or enforcing any agreements that restrict territories or geographic areas, enjoining the Blues from utilizing the Blue Card Program to pay healthcare providers, and enjoining the Blues from developing any other program or structure that is intended to fix, or has the effect of fixing, prices paid to healthcare providers. The Provider Complaint also seeks money damages in the form of treble damages.

14.    The Subscriber Complaint similarly alleges that the Blues have been engaged for many years in an agreement not to compete against one another, but instead to cooperate and coordinate their activities on a nationwide basis in order to maximize their profits.  The Subscriber Complaint alleges that the Blues agreed to cease competing and to impose operational uniformity on themselves decades ago by carving out exclusive service areas and

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 5**

establishing BCBSA's uniform rules and regulations, including BCBSA's Membership Standards and Guidelines.  The Blues allegedly formalized their cooperation agreement in their trademark licenses.

15.     The Subscriber Complaint seeks injunctive relief prohibiting the Blues, including BS-ID, BCBS-OR, BCBS-UT and BS-WA, from entering into, honoring, or enforcing any agreements that restrict territories or geographic areas, and it also seeks to eliminate restrictions on the Blues' activities.  The Complaint further seeks money damages in the form of treble damages of the amount by which the plaintiffs allege premiums were artificially inflated above their competitive levels.

16.     The Provider Complaint and the Subscriber Complaint are based upon the same or related conduct of the Blues relating to the Blues' "relationship with the national association, BCBSA, and the licensing agreements that limit the Blue Plans' activity…."  MDL Transfer Order at 2.  The Complaints differ only with respect to the alleged harm to the providers and the subscribers.  Both Complaints seek damages in excess of this Court's jurisdictional limit and invoke federal question jurisdiction.

**B.      Prior Related Litigation –** *Love*

17.     Cambia was also a defendant in a prior class action litigation styled *Love v. Blue Cross Blue Shield Assoc.*, No. 03-21296 (S.D. Fla.) (originally titled *Thomas v. Blue Cross Blue Shield Assoc.*) ("*Love*").  *Love* was a component of the MDL proceeding created in April 2000, and styled *In re Managed Care Litigation*, No. 1:00-MDL-1334.  A copy of Plaintiffs' Corrected Sixth (and final) Amended Class Action Complaint is attached as Exhibit 4.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 6**

18.     Like the present MDL Action, *Love* was based on the theory that the Blues for many years have not competed against one another, but instead have engaged in an agreement to cooperate and coordinate their activities on a nationwide basis in order to maximize their profits.

19.     The *Love* plaintiffs alleged that the Blues are not competitors, but instead provide health services only in individual distinct geographic regions, and that the individual Blues have market power in their respective regions.  The plaintiffs further alleged that the Blues use their market power to harm providers by forcing them to accept unfavorable reimbursements.

20.     The Blues allegedly agreed to cease competing and to impose operations uniformity on themselves decades ago by agreeing to operate in distinct geographic regions, setting up their national programs (including Blue Card), and establishing BCBSA's uniform rules and regulations.

21.     The Blues formalized their alleged cooperation agreement in their trademark licenses.  The Complaint cites the absence of Blue-on-Blue competition – and the resulting market dominance each Blue has acquired as a result – as well as the operational uniformity among the Blues required by their trademark licenses (including the requirement of mandatory participation in the Blue Card Program) as evidence that the Blues have conspired.

22.     The plaintiffs in *Love* alleged that the Blues engaged in a common scheme to systematically deny, delay, and diminish payments to providers.  Similar to the Provider and Subscriber Complaints, the *Love* litigation was based on the restrictions in the Blues'

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 7**

trademark licenses, on the Blues' relationship with BCBSA, and on the Blues' long history and practice of national coordination and cooperation.

23.     Many of the Blues, including Cambia, settled the *Love* lawsuit through three settlement agreements that became effective on September 26, 2008, October 3, 2008, and June 19, 2009, respectively.

**C.     The E&O Policy**

24.     Darwin Select issued a Managed Care Organization Errors and Omissions Liability Insurance Policy, policy number 0303-0501 to Cambia for the policy period January 1, 2013 through January 1, 2014, that provided certain coverage to the insured in excess of this Court's jurisdictional threshold pursuant to the policy's terms, conditions, and exclusions ("E&O Policy").  A copy of the E&O Policy is attached hereto as Exhibit 5.

25.     The Insuring Agreement in the E&O Policy provides:

> The **Underwriter** will pay on behalf of any **Insured Loss**
> which the **Insured** is legally obligated to pay as a result of a
> **Claim** that is first made against the **Insured** during the **Policy
> Period** or during any applicable Extended Reporting Period.

(E&O Policy, § I.)

26.     The term "**Claim**" is defined, in relevant part, as "any written notice received by any Insured that a person or entity intends to hold an **Insured** responsible for a **Wrongful Act** which took place on or after the retroactive date listed in ITEM 7 of the Declarations."

(E&O Policy, § IV, Definition (C).)

27.     The term "**Wrongful Act**" is defined, in relevant part, as "any actual or alleged act, error or omission in the performance of, or any failure to perform, a **Managed Care Activity** by any **Insured Entity** or by any **Insured Person** acting with the scope of his

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 8**

or her duties or capacity as such." (E&O Policy, § IV, Definition (W), as amended by

Endorsement Nos. 6, 8 and 22.)

28.    The term "**Managed Care Activity**," is defined in the E&O Policy as:

> any of the following services or activities: **Provider Selection**;
> **Utilization Review**; advertising, marketing, selling, or
> enrollment for health care or workers' compensation plans;
> **Claim Services**; establishing health care provider networks;
> reviewing the quality of **Medical Services** or providing quality
> assurance; design and/or implementation of financial incentive
> plans; wellness or health promotion education; development or
> implementation of clinical guidelines, practice parameters or
> protocols; triage for payment of **Medical Services**; and services
> or activities performed in the administration or management of
> health care or workers' compensation plans; ongoing case
> management; development and implementation of outcomes
> research and measurements; provider and patient education,
> protocol development and implementation; home assessment;
> telephonic interactions between an **Insured** and any of its
> clients concerning any services referenced above. **Managed
> Care Activity** shall include all such services and activities listed
> above, whether provided on paper, in person, electronically, or
> via any other medium.

(E&O Policy, § IV, Definition (K), as amended by Endorsement Nos. 7 and 9.)  Through

Endorsement No. 4, "**Managed Care Activity**" is amended to include Life Plans, Disability

Plans, Dental Plans and Vision Plans.  (E&O Policy, Endorsement 4.)  As amended by

Endorsement No. 12, "**Managed Care Activity**" also includes Wellness Fairs, Flu Clinics,

Blood Pressure Screenings, Exercise and Nutrition services provided by Kinetex Living

Corp., Nurse Call Line.  (E&O Policy, Endorsement 12.)  Pursuant to Endorsement No. 27,

"**Managed Care Activity**" also includes **Pharmacy Benefit Management**. (E&O Policy,

Endorsement 27.)  As amended by Endorsement No. 28, "**Managed Care Activity**" also

includes third party administration of health plans and welfare and pension plans.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 9**

29.      The term "**Related Claims**" means "all **Claims** for **Wrongful Acts** based upon, arising out of, resulting from, or in any way involving the same or related facts, circumstances, situations, transactions or events, or the same or related series of facts, circumstances, situations, transactions or events, whether related logically, causally or in any other way."  (E&O Policy, § IV, Definition (Q).)

30.      The E&O Policy includes the following Condition (C):

> All **Related Claims**, whenever made, shall be deemed to be a single **Claim** and shall be deemed to have been first made on the earliest of the following dates:
>
> (1)      the date on which the earliest **Claim** within such **Related Claims** was received by an **Insured**; or
>
> (2)      the date on which written notice was first given to [Darwin National] of a **Wrongful Act** which subsequently gave rise to any of the **Related Claims**, regardless of the number and identity of claimants, the number and identity of **Insureds** involved, or the number and timing of the **Related Claims**, even if the **Related Claims** comprising such single **Claim** were made in more than one **Policy Period**.

(E&O Policy, § III, Condition (C).)

31.      The Policy defines "**Loss**" as:

> **Defense Expenses** and any monetary amount which an **Insured** is legally obligated to pay as a result of a **Claim**; including punitive, exemplary or multiplied damages (hereafter referred to as "Punitive Damages") awarded in connection with any **Claim** covered by this Policy, other than **Claims** for **Antitrust Activity** up to the amount listed in ITEM 3 (b) of the Declarations (which amount is part of and not in addition to the amount listed in ITEM 3 (a) of the Declarations), and only if such Punitive Damages are insurable under applicable law. **Loss** shall not include:
>
> (1)      fines, penalties, taxes;

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 10**

(2)    fees, amounts, benefits or coverage owed under any contract with any party including providers of health care services, health care plan or trust, insurance or workers' compensation policy or plan or program of self-insurance;

(3)    non-monetary relief or redress in any form, or equitable relief including without limitation the restitution or disgorgement of funds or the cost of complying with any injunctive, declaratory or administrative relief; with regard to government claims involving fraud and abuse type activities such as or in connection with Medicare/Medicaid, only **Defense Expenses** will be covered; or

(4)    matters which are uninsurable under applicable law.

Determination of the insurability of any **Loss** shall be made under the laws most favorable to the insurability of **Loss** of either: (a) of the jurisdiction of the **Named Insured's** principal place of business, or (b) the jurisdiction where the **Wrongful Act** giving rise to such **Loss** occurred.

(Policy, § IV, Definition (J), as amended by Endorsement Nos. 14 and 32.) Pursuant to Endorsement No. 14, "**Loss**" is amended to also include fines and penalties imposed under [HIPAA] or any similar federal, state or local information privacy laws or regulations. (E&O Policy, Endorsement 15.)

32.    The Policy provides that, except for **Defense Expenses**, Allied World shall not pay **Loss** for any **Claim** brought about or contributed to by:

(1)    any willful misconduct or dishonest, fraudulent, criminal or malicious act, error or omission, committed intentionally by any **Insured**;

(2)    any willful violation by any **Insured** of any law, statute, ordinance, rule or regulation; or

(3)    any **Insured** gaining any profit, remuneration or advantage to which such **Insured** was not legally entitled.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 11**

For the purposes of determining the applicability of this EXCLUSION (A); no **Wrongful Act** of any **Insured** shall be imputed to any other **Insured**. Determination of the applicability of this EXCLUSION (A) may be made by an admission under oath, or a final adjudication, in a proceeding constituting the **Claim**, or in a proceeding separate from and collateral to any proceeding constituting the **Claim**.

(Policy, § II, Exclusion (A), as amended by Endorsement Nos. 11, 20, and 21.)

33.    The E&O Policy contains Exclusion (C)(8), which provides:

(C)    The **Underwriter** shall not pay any **Loss**, including **Defense Expenses**, for any **Claim**:

* * *

(8)    based upon, arising out of, resulting from, or in any way involving any fact, circumstance, situation, transaction, event, **Wrongful Act** or series of facts, circumstances, situations, transactions, events or **Wrongful Acts**:

(a)    underlying or alleged in any litigation or administrative proceeding brought prior to and/or pending as of the Inception Date stated in ITEM 2(a) of the Declarations:

(i)    to which any **Insured** is or was a party; or

(ii)    with respect to which any **Insured**, as of the Inception Date, knew that an **Insured** would be made a party thereto;

(b)    which was the subject of any notice given prior to the Inception Date under any other policy of insurance or plan or program of self-insurance; or

(c)    which was the subject of any **Claim** made prior to the Inception Date;

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 12**

> if, however, this Policy is a renewal of one or more policies previously issued by the **Underwriter** to the **Insured Entity**, and the coverage provided by the **Underwriter** to the **Insured Entity** was in effect, without interruption, for the entire time between the inception date of the first such other policy and the Inception Date of this Policy, the reference in this EXCLUSION (C)(8) to the Inception Date will be deemed to refer instead to the inception date of the first policy under which the **Underwriter** began to provide the **Insured Entity** with the continuous and uninterrupted coverage of which this Policy is a renewal;

(E&O Policy, § II, Exclusion (C)(8), as amended by Endorsement No. 18.)

34.     The Policy also provides that Allied World "will, upon written request, pay **Defense Expenses** for which this Policy provides coverage on a current basis.  As a condition precedent to payment of any **Defense Expenses** before the final disposition of a **Claim**, the **Underwriter** may require a written undertaking, on terms and conditions satisfactory to the **Underwriter**, guaranteeing the repayment of any **Defense Expenses** paid on behalf of the **Insured** if it is finally determined that this Policy would not provide coverage for such **Claim**." (Policy, § III, Condition (D)(3), as amended by Endorsement No. 10.)

35.     On or about May 26, 2016, Cambia executed a Defense Expenses Repayment Agreement with Allied World (the "Repayment Agreement"), a copy of which is attached hereto as Exhibit 6.  The Repayment Agreement provides that:

> [A]s a condition precedent to the payment of **Defense Expenses** incurred by Cambia in connection with the [MDL Action], Cambia guarantees that it will repay any **Defense Expenses** paid to Cambia or on its behalf, if it is finally determined that Loss

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 13**

incurred by Cambia with respect to the MDL Action is not covered by the Policy.

Such repayment will be made within a reasonable period of time, not to exceed ninety (90) days, following the final determination that the Loss is not covered.

Moreover, to the extent that it is determined that a portion of the **Loss** is not covered under the Policy, Independence and [Allied World] will use their best efforts to arrive at a fair or equitable allocation of the **Defense Expenses** paid to Independence or on its behalf.  Independence guarantees that it will repay the proportionate amount of any **Defense Expenses** paid to Independence or on its behalf as allocated by the parties within a reasonable period of time, not to exceed ninety (90) days, following the final determination that the portion of the **Loss** is not covered.

**D.     The D&O Policy**

36.     Darwin National provided a Health Care Organization Directors and Officers Liability Insurance Policy, number 0303-3154 to Cambia for the policy period January 1, 2013 to January 1, 2014, that provided certain coverage in excess of this court's minimal jurisdictional threshold to the insured pursuant to the policy's terms, conditions and exclusions ("D&O Policy").  A copy of the D&O Policy is attached hereto as Exhibit 7.

37.     The D&O Policy provides coverage for **Claims** first made during the **Policy Period** for **Wrongful Acts**.  (D&O Policy, D&O Coverage Section, § I, Insuring Agreements.)

38.     The D&O Policy defines "**Wrongful Act**" as:

(1)     with respect to an **Insured Person**, any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement, or misleading statement by an **Insured Person** in his or her capacity as such, or any matter claims against an **Insured Person** by reason of his or her status as such;

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 14**

(2)    with respect to an **Outside Entity Insured Person**, any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement, or misleading statement by a person in his or her capacity as an **Outside Entity Insured Person** or any matter claimed against such **Outside Entity Insured Person** by reason of his or her status as such;

(3)    with respect to the **Company**, any actual or alleged act, error, omission, neglect, breach of duty, misstatement or misleading statement by the **Company**;

(4)    with respect to the **Company** and **Insured Persons**, any actual or alleged act, error or omission in connection with the performance of or failure to perform **Provider Selection Practices**; and

(5)    with respect to the **Company** and **Insured Persons**, any actual or alleged **Regulatory Wrongful Act**.

(D&O Policy, D&O Coverage Section, § II, Definition (Z).)

39.    The D&O Policy defines "Claim" as:

(1)    any written demand for monetary, non-monetary or injunctive relief made against an **Insured**;

(2)    judicial, administrative or regulatory proceeding, whether civil or criminal, for monetary, non-monetary or injunctive relief commenced against an **Insured**, including any appeal therefrom, which is commenced by:

(a)    service of a complaint or similar pleading;

(b)    return of an indictment, information or similar document (in the case of a criminal proceeding); or

(c)    receipt or filing of a notice of charges;

(3)    arbitration or mediation proceeding commenced against an **Insured** by service of a demand for arbitration or mediation;

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 15**

(4)    formal civil or criminal investigation of an **Insured Person**, which is commenced by the filing or issuance of a notice of charges, Wells Notice, formal investigative order or similar document identifying such **Insured Person** as a person against whom a proceeding identified in paragraphs (2) or (3) above may be commenced;

(5)    formal administrative or regulatory investigation of an **Insured Person**, which is commenced by the filing or issuance of a notice of charges, formal investigative order or similar document identifying an **Insured** as a person or entity against whom a proceeding identified in paragraphs (2) or (3) above may be commenced;

(6)    written request to toll or waive the applicable statute of limitations, or to waive any contractual time bar, relating to a potential **Claim** against an Insured for a **Wrongful Act**;

(7)    official request for **Extradition** of any **Insured Person**, or the execution of a warrant for the arrest of any **Insured Person** where such execution is an element of **Extradition**.

A **Claim** shall be deemed first made when any **Insured** first receives notice of the **Claim**.

(D&O Policy, D&O Coverage Section, § II, Definition (C).)

40.    The term "**Related Claims**" is defined as "all **Claims** for **Wrongful Acts** based upon, arising out of, or in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events."  (D&O Policy, General Terms and Conditions, § II, Definition (F).)

41.    All **Related Claims** "shall be deemed to be a single **Claim** made on the date which the earliest **Claim** within such **Related Claims** was first made, or when the earliest **Claim** within such **Related Claims** is treated as having been made in accordance with

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 16**

Section V.C. above, whichever is earlier.  In such event, only one Limit of Liability and one

Retention shall apply."  (D&O Policy, General Terms and Conditions, §V.D.)

42.    The D&O Policy defines "**Loss**" as:

(1)    damages, settlements or judgments;

(2)    pre-judgment or post-judgment interest;

(3)    legal costs or attorneys fees awarded by a court in favor
of the claimant;

(4)    punitive or exemplary damages, or the multiple portion
of any multiplied damages award, subject to any
applicable Sublimit of Liability, but only to the extent
that such damages are insurable under the applicable law
most favorable to the insurability of such damages;

(5)    fines or penalties levied against an **Insured** for violation
of the EMTALA; if insurable under law, subject to the
applicable Sublimit of Liability set forth in 4.F. of the
Declarations;

(6)    fines or penalties levied against an **Insured** for a
violation of HIPAA, if insurable under law, subject to the
applicable Sublimit of Liability set forth in 4.F. of the
Declarations;

(7)    **Excess Benefits Transactions Excise Taxes**, if
insurable under law, subject to the applicable Sublimit of
Liability set forth in Item 4.F. of the Declarations;

(8)    **Response Costs**, subject to the applicable Sublimit of
Liability set forth in Item 4.F. of the Declarations; and

(9)    **Defense Costs**.

"**Loss**" does not include:

(a)    amounts which an **Insured** is not legally obligated to
pay;

(b)    taxes; other than as specifically included above in this
Definition, and only if insurable under law;

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 17**

(c)     fines or penalties, other than as specifically included
        above in this Definition, and only if insurable under law;

(d)     amounts deemed uninsurable under law;

(e)     costs or liability incurred by any **Insured** to modify any
        building or property to make it more accessible or
        accommodating to any disabled person, or in connection
        with any educational, sensitivity or other corporate
        program, policy or seminar; or

(f)     amounts paid or incurred by the **Insureds** to comply with
        a judgment or settlement for non-monetary or injunctive
        relief.

However, this Coverage Section shall provide coverage for
**Defense Costs** incurred in a **Claim** seeking amounts specified in
paragraphs (a) through (f) above, subject to all other terms,
conditions and exclusions of this Policy.

(D&O Policy, D&O Coverage Section, § II, Definition (P).)

43.    The D&O Coverage Section provides that the D&O Policy shall not cover any

**Loss** in connection with any **Claim**:

N.     alleging, arising out of, based upon, or attributable to,
       any actual or alleged act, error or omission in the
       performance of, or failure to perform, **Managed Care
       Activities** by any **Insured** or by any individual or entity
       for whose acts, errors or omissions an **Insured** is legally
       responsible, except that this Exclusion shall not apply to
       that portion of an otherwise covered **Claim** for **Provider
       Selection Practices**;

(D&O Policy, D&O Coverage Section, § III, Exclusions.)

44.    The term "**Managed Care Activities**" is defined as follows:

any of the following services or activities: **Provider Selection
Practices**; **Utilization Review**; advertising, marketing, selling,
or enrollment for health care, workers' compensation, life,
dental, vision, short-term disability, long-term disability,
behavioral health, pharmacy benefit and consumer-directed
health plans; claim services; establishing health care provider

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 18**

networks; reviewing the quality of **Medical Services** or providing quality assurance; design and/or implementation of financial incentive plans; wellness or health promotion education; development or implementation of clinical guidelines, practice parameters or protocols; triage for payment of **Medical Services**; and services or activities performed in the administration or management of health care, workers' compensation, life, dental, vision, short-term disability, long-term disability, behavioral health, pharmacy benefit and consumer-directed health plans.

(D&O Policy, D&O Coverage Section, § II, Definition (Q).)

45.    The D&O Coverage Section provides that the D&O Policy shall not cover any

**Loss** in connection with any **Claim**:

A    arising out of, based upon or attributable to the gaining of any profit or financial advantage or improper or illegal remuneration by an **Insured**, if a final judgment or adjudication establishes that such **Insured** was not legally entitled to such profit or advantage or that such remuneration was improper or illegal;

B    arising out of, based upon or attributable to any deliberate criminal or deliberate fraudulent act or any willful violation of law by an **Insured**, if a final judgment or adjudication establishes that such act or violation occurred;

In determining the applicability of Exclusions A. and B., the facts pertaining to, the knowledge possessed by, or any **Wrongful Act** committed by, any **Insured Person** shall not be imputed to any other **Insured Person**; however, the facts pertaining to, the knowledge possessed by, or any **Wrongful Act** committed by, an **Insured Person** who is a past or current Chairman of the Board, Chief Executive Officer, President or Chief Financial Officer of the **Company** shall be imputed to the **Company**.

(D&O Policy, D&O Coverage Section, § III, Exclusions.)

46.    The D&O Coverage Section provides that the D&O Policy shall not cover any

**Loss** in connection with any **Claim**:

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 19**

C.    based upon, arising from or in consequence of any actual or alleged liability of any **Insured** under any express contract or agreement; provided however, that this Exclusion shall not apply: (1) to the extent such **Insured** would have been liable in the absence of such contract or agreement; or (2) to the payment of **Defense Costs** for that portion of such a **Claim** against an **Insured Person**.

(D&O Policy, D&O Coverage Section, § III, Exclusions.)

47.    The D&O Coverage Section provides that the D&O Policy shall not cover any

**Loss** in connection with any **Claim**:

D.    alleging, arising out of, based upon or attributable to, as of the Pending or Prior Date set forth in Item 5. of the Declarations with respect to this Coverage Section, any pending or prior: (1) litigation; or (2) administrative or regulatory proceeding or investigation, of which an **Insured** had notice, including any **Claim** alleging or derived from the same or essentially the same facts, or the same or related **Wrongful Acts**, as alleged in such pending or prior litigation or administrative or regulatory proceeding or investigation;

E.    alleging, arising out of, based upon or attributable to the same or essentially the same facts alleged, or to the same or related **Wrongful Acts** alleged or contained, in any **Claim** which has been reported and accepted, or in any circumstances of which notice has been given and accepted, before the Inception Date of this Policy as set forth in Item 2. of the Declarations, under any other policy providing directors and officers liability or management liability insurance, whether excess or underlying, of which this Policy is a renewal or replacement or which it may succeed in time;

(D&O Policy, D&O Coverage Section, § III, Exclusions, as amended by Endorsement No.

18.)

///

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 20**

**E.    The Parties' Dispute**

48.    When the consolidated complaints in the MDL Action were filed, Cambia provided notice to Allied World, requesting coverage under the E&O and D&O Policies for the Provider Complaint and the Subscriber Complaint.

49.    In a letter dated March 4, 2014, Allied World agreed to reimburse defense costs incurred by Cambia in connection with the MDL Action under the E&O Policy, subject to a full reservation of rights to deny indemnity and subject to the insured's agreement to repay Allied World for such reimbursed defense costs if ultimately there is no indemnity obligation.  A copy of Allied World's reservation of rights letter dated March 4, 2014, is attached hereto as Exhibit 8.

50.    In the same letter, Allied World denied coverage for the MDL Action under the D&O Policy due to the applicability of the Managed Care Activities exclusion.  Allied World specifically reserved its rights with respect to all exclusions, conditions and terms therein.

51.    There is a bona fide present dispute between Allied World and Cambia regarding whether Allied World's policies provide coverage to Cambia (or its affiliates) for the MDL action.

52.    Allied World is entitled to a declaratory judgment construing the policies issued to Cambia, resolving the dispute between the parties, and declaring that Allied World has no liability to Cambia for any claims, losses, or other damages or liabilities asserted by claimants in the MDL Action.

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 21**

## COUNT I

*Declaration of No Coverage under E&O Policy*

53.    Allied World hereby incorporates by reference and re-alleges as if fully stated herein, each and every allegation of Paragraphs 1 through 52 of this Complaint.

54.    There is no coverage for the MDL Action and the cases consolidated therein under the E&O Policy for the following reasons:

(a)    the **Claim** is for **Loss** involving facts, circumstances, situations, transactions, events, or **Wrongful Acts** that were underlying or alleged in the prior *Love* litigation (E&O Policy, Exclusion (C)(8)(a));

(b)    the **Claim** is a **Related Claim** to the prior *Love* litigation, which was a claim made prior to the Inception Date of the Policy (E&O Policy, § III, Condition (C)(1));

(c)    the **Claim** is for **Loss** involving facts, circumstances, situations, transactions, events, or **Wrongful Acts** that were the subject of notice given prior to the Inception Date under another policy of insurance.  (E&O Policy, Exclusion (C)(8)(b));

(d)    the **Claim** is for **Loss** involving facts, circumstances, situations, transactions, events, or **Wrongful Acts** that were the subject of a **Claim** made prior to the Inception Date.  (E&O Policy, Exclusion (C)(8)(c));

(e)    plaintiffs in the MDL Action seek relief, and any settlement or judgment in the MDL Action would grant relief, that does not constitute Loss and/or

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 22**

is uninsurable as a matter of law. (E&O Policy, § IV, Definition (J) as amended by Endorsement Nos. 14 and 32); and

      (f)    the **Claim** is not covered under the Policy and Allied World has no obligation to pay any amount under the Policy.

55.    Allied World is entitled to a declaratory judgment in its favor, stating that Darwin Select has no liability under the E&O Policy to Cambia (or its affiliates) for any loss or other damage of any kind as alleged in the MDL Action (or the separate actions consolidated therein) because the **Claim** is a **Related Claim** to the *Love* litigation, first made prior to the inception of the Policy, and because the **Claim** is excluded under Exclusions (C)(8)(a), (C)(8)(b), and (C)(8)(c).  Moreover, Darwin Select has no obligation to pay any amounts under the E&O Policy because the relief sought by the plaintiffs in the MDL Action does not constitute Loss, is uninsurable as a matter of law, or is otherwise not covered under the E&O Policy.

## COUNT II

*Declaration of No Coverage under D&O Policy*

56.    Allied World hereby incorporates by reference and re-alleges, as if fully stated herein, each and every allegation of Paragraphs 1 through 52 of this Complaint.

57.    There is no coverage for the MDL Action and the cases consolidated therein under the D&O Policy for the following reasons:

      (a)    the MDL Action alleges acts done by Cambia in the performance of **Managed Care Activities**.  (D&O Policy, D&O Coverage Section, § II, Definition (Q));

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 23**

(b)    the **Claim** is derived from essentially the same facts, or the same or related **Wrongful Acts**, as alleged in the prior *Love* litigation (D&O Policy, D&O Coverage Section, § III, Exclusion (D));

(c)    the MDL Action is a **Related Claim** to the prior *Love* litigation, which was a claim first made prior to the Inception Date of the Policy (D&O Policy, General Terms and Conditions, § II, Definition (F));

(d)    the **Claim** arises out of essentially the same facts, or the same or related **Wrongful Acts**, as alleged in the prior *Love* litigation, which is a **Claim** reported prior to the Inception Date of the D&O Policy.  (D&O Policy, D&O Coverage Section, § III, Exclusion (E));

(e)    plaintiffs in the MDL Action seek relief, and any settlement or judgment in the MDL Action would grant relief, that does not constitute Loss and/or is uninsurable as a matter of law. (D&O Policy, D&O Coverage Section, § II, Definition (P)); and

(f)    the **Claim** is not covered under the Policy and Allied World has no obligation to pay any amount under the Policy.

58.    Allied World is entitled to a declaratory judgment in its favor, stating that Darwin National has no liability under the D&O Policy to Cambia (or its affiliates) for any loss or other damage of any kind as alleged in the MDL Action Claim (or the separate actions consolidated therein) because The MDL Action alleges acts done by Cambia in the performance of **Managed Care Activities**, the **Claim** is a **Related Claim** to the *Love* litigation, first made prior to the inception of the D&O Policy, and because the **Claim** is

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 24**

excluded under Exclusions (D) and (E).  Moreover, Darwin National has no obligation to pay any amounts under the D&O Policy because the relief sought by the plaintiffs in the MDL Action does not constitute Loss, is uninsurable as a matter of law, or is otherwise not covered under the D&O Policy.

## COUNT III

### *Recoupment of Defense Expenses*

59.    Allied World hereby incorporates by reference and re-alleges, as if fully stated herein, each and every allegation of Paragraphs 1 through 52 and 54-55 of this Complaint.

60.    Allied World has conferred a benefit to Cambia in the form of paying **Defense Expenses** for the MDL Action.

61.    Cambia has accepted and appreciated the benefits of the payment of **Defense Expenses**.

62.    As a condition precedent to the payment of **Defense Expenses**, Cambia executed a Repayment Agreement which gives Allied World the right to recoup any **Defense Expenses** paid to Cambia once it is determined that the **Loss** incurred by Cambia with respect to the MDL Action is not covered by the E&O Policy.

63.    Because there is no coverage for the **Claim** under the E&O Policy, Cambia must repay the **Defense Expenses** paid by Allied World.

WHEREFORE, Allied World prays that the Court declare the rights of the parties and declare that Allied World has no liability to Cambia (or its affiliates) under either the E&O Policy or the D&O Policy for any **Loss**, including **Defense Expenses**, that are the subject of the MDL Action (or the separate actions consolidated therein), that the Court enter a

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 25**

Judgment requiring Cambia to reimburse **Defense Expenses** paid by Allied World in

defending the MDL Action on behalf of Cambia,  and for such other and further relief as the

Court may deem just and proper.

DATED:  March 31, 2017

BULLIVANT HOUSER BAILEY PC

By   _/s/ Ronald J. Clark_____
**Ronald J. Clark**, OSB #880328
**Bryana L. Blessinger**, OSB #084622
Telephone: 503.228.6351
Attorneys for Plaintiffs

4820-5896-6342.1 30766/00073

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 26**